CHARLES E. KNIGHT
*vs.*
KEASBEY & MATTISON CO.

Superior Court        Hartford County        File No. 63224

MEMORANDUM FILED DECEMBER 29, 1941.

*Francis P. Pallotti,* of Hartford, for the Plaintiff.
*Robinson, Robinson & Cole,* of Hartford, for the Defendant.

BOOTH, J. The action is to recover damages for an alleged breach by the defendant of an alleged contract of employment existing between the parties, which breach is alleged to have consisted of the unlawful discharge of the plaintiff by the defendant from its employment on May 10, 1940, and its refusal to permit him to longer continue his services under said contract, or to longer pay him for such services notwithstanding his willingness to continue said employment.

The defendant, by its answer, admits that prior to May 10, 1940, the plaintiff entered its employment by virtue of a written contract executed between the parties on January 2, 1940, and that since May 10, 1940, it has refused to continue the plaintiff's employment thereunder. It denies, however, that it breached the contract in question by its discharge of the plaintiff and affirmatively alleges in a special defense that the discharge was justified and in accordance with the express conditions of the aforesaid contract. The affirmative defense is denied by the plaintiff, and thus upon the pleadings the parties were at issue. During the trial, in argument and by briefs the parties expended considerable effort in respect to a claim by the defendant that the plaintiff's discharge was justified by reason of his claimed incompetency and inefficiency to perform the work for which he was employed. The question presented is whether the plaintiff's admitted discharge was or was not in accordance with the express or implied provisions of the contract in question. The contract was in writing and was executed by the parties on January 2, 1940. By the terms thereof the defendant engaged to employ the plaintiff as manager of its Hartford branch, which it intended to establish for the purpose of selling and applying its asbestos building material, for which it agreed to pay the plaintiff a salary of $250 monthly, payable semi-monthly, plus the right to participate in the profits of said branch during the life of the contract. It also provided that the agreement should be effective from the first day of January, 1940, to the 31st day of March, 1940, and should continue thereafter for each succeeding fiscal year beginning on April 1st until the following March 31st, unless written notice of intention to terminate it should be given by one party to the other at least 30 days prior to the 31st day of March, 1940, or any succeeding year. It still further provided, however, that the agreement might be terminated by the defendant for various reasons, one of which was to the effect that failure on the part of the plaintiff to observe the

published policies of the defendant, failure on the part of the plaintiff to observe all rules and regulations established to govern the operation of the branch, and failure on the part of the plaintiff to require all employees under his supervision and control to do the same, should, at the option of the defendant, be considered a good and sufficient reason for the plaintiff's immediate dismissal and the termination of the agreement forthwith. Another of the provisions was to the effect that the agreement might be terminated if the plaintiff was guilty of any misconduct which was calculated to injure the good name and reputation of the defendant, such termination to take effect instanter on notice given by the defendant to the plaintiff. While the contract contained many other provisions concerning the right of the defendant to terminate the same, those just referred to appear to be more particularly appropriate to the present controversy.

The evidence discloses that the plaintiff's conduct may be divided into two categories: one concerned with disobedience of express rules of the defendant, and the other of a general nature injurious to the defendant's interests. Of the first kind it is found that the plaintiff failed to observe regulations concerning the specifications to be included in shingling contracts, causing loss to the defendant; he failed to follow reasonable requirements as to the handling of petty cash and the established practices of the defendant concerning the bookkeeping entries of transactions of purchase. He also communicated to other persons, against the instructions of the defendant, information that the defendant was embarking on a program of creating numerous branches such as the one in which the plaintiff was employed, greatly embarrassing and damaging the defendant's business. Of the second category is the plaintiff's conduct in dealing with customers of the defendant, such as the witnesses Brown, Roberts and Ciccone. It is found that in these ways the plaintiff did also materially prejudice the interests of the defendant and afford sufficient ground for his discharge under the express terms of his contract.

In view of the foregoing conclusion it is not necessary to pass upon the claim of the defendant that by reason of the general incompetency of the plaintiff he violated the implied conditions of his contract.

Judgment may, therefore, enter for the defendant upon the issues of the complaint and for the defendant to recover of the plaintiff its costs.